*197 OPINION OF THE COURT
Allan Dixon, J.
This matter comes before the court on a petition filed pursuant to section 384-b of the Social Services Law by John R. Beaudoin, Commissioner of Social Services of the County of Rensselaer, alleging that the child Christine Bertha Kent is an "abandoned” child as defined in that statute. The child’s mother is Ida Wilder Kent. The natural father of the child is Henry Kent, who was adjudicated to be the father of the child by order of this court dated on or about November 30, 1965. The mother was married at the time the child was born to Donald Wilder who is now deceased. The child was born on October 24, 1965, and has been in the care and custody of the petitioner since November 22, 1967, except for a period of about one month in 1968. The relief requested is an order terminating the parental rights of Ida Kent and Henry Kent as to this child and committing the custody and guardianship of said child to the petitioner with the right to place her for adoption.
It is clear that the petitioner is seeking to terminate the parental rights of Ida Kent and Henry Kent solely on the ground of abandonment. Section 384-b (subd 5, par [a]) of the Social Services Law provides as follows: "For the purpose of this section, a child is 'abandoned’ by his parent if such parent evinces an intent to forego his or her parental rights and obligations as manifested by his or her failure to visit the child and communicate with the child or agency, although able to do so and not prevented or discouraged from doing so by the agency. In the absence of evidence to the contrary, such ability to visit and communicate shall be presumed.” Even more importantly for the purposes of the instant case, subdivision 4 of section 384-b of the Social Services Law, in relevant part, provides as follows: "An order committing the guardianship and custody of a child pursuant to this section shall be granted only upon one or more of the following grounds: * * * (b) The parent or parents, whose consent to the adoption of the child would otherwise be required in accordance with section one hundred eleven of the domestic relations law, abandoned such child for the period of six months immediately prior to the initiation of the proceeding under this section”.
As to the child’s biological father, Henry Kent, a thorough review of the record indicates that Mr. Kent has evinced an *198 intent to forego his parental rights and obligations as manifested by his failure to visit the child and communicate with the child or agency during the six months immediately proceeding the initiation of this proceeding and that he was neither prevented nor discouraged from doing so by the agency. Since Mr. Kent defaulted in his appearance, it must be presumed that he was, at all times, able to visit and communicate with the child. Indeed, the record indicates that Mr. Kent has made no effort to contact or visit the child since on or about July 23, 1976, when the child was placed by the agency in Parson’s Child and Family Center in Albany, New York. With respect to Henry Kent, the court therefore, finds that the child, Christine Bertha Kent, is "abandoned” within the meaning of the statute.
As to Ida Kent, the child’s mother, however, the result is not so clear. The record does indicate that Mrs. Kent failed to visit and communicate with the child for a period well in excess of six months though able to do so and not prevented or discouraged from doing so. The problem arises due to the requirement in the statute that the abandonment must have occurred for a period of six months "immediately prior to the initiation of the proceeding under this section” in order to justify the termination of the rights of the natural parent to the custody of the child. The records of this court indicate that the petition was "physically received” by this court for filing and processing on January 19, 1979. Perhaps coincidentally, the testimony adduced at the trial indicates that Mrs. Kent contacted Christine’s caseworker at the Rensselaer County Department of Social Services on that very day to inquire about her child. They spoke about Christine on the phone for about 20 minutes. Mrs. Kent was not served with the summons and petition in this proceeding until February 9, 1979.
With this in mind, it is clear that the crucial question to be answered is when, for the purposes of section 384-b (subd 4, par [b]) of the Social Services Law, is a proceeding alleging abandonment deemed to be "initiated”. Clearly, if such a proceeding is initiated by the mere filing of the papers with the court, the six-month requirement has been satisfied. However, a fair reading of section 384-b, as a whole, does not lead to that result. Section 384-b (subd 3, par [e]) provides that "[a] proceeding under this section is originated by a petition on notice served upon the child’s parent or parents and upon such other persons as the surrogate or judge may in his *199 discretion prescribe”. The court construes this to mean that the proceeding is originated (or initiated) when the parent, parents, or other persons, as the case may be, are actually served with the appropriate process. This is entirely consistent with general principles of New York practice as a claim is never deemed to be interposed until service of the appropriate process.
Having determined that issue, it is clear that the six-month requirement has not been satisfied. As to Mrs. Kent, the proceeding must be deemed to have been initiated on February 9, 1979, when she was served with the summons and petition. Since Mrs. Kent did communicate with the agency on January 19, 1979, concerning the child, it cannot be said that she abandoned the child for a period of six months immediately prior to the initiation of the proceeding. As to Mrs. Kent, therefore, no finding of abandonment may be made and her parental rights to the child may not now be terminated.
Based upon all of the foregoing, the petition of the Rensselaer County Commissioner of Social Services, dated January 19, 1979, requesting that the custody and guardianship of the child, Christine Bertha Kent, be committed to said petitioner, must be dismissed. Counsel for the petitioner shall prepare and submit an order embodying the findings, conclusions and dispositions contained herein.